# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

SFR SERVICES L.L.C A/A/O
PORTOFINO MASTER
ASSOCIATION, INC.,

    Plaintiff,

v.                                      Case No: 2:21-cv-160-SPC-MRM

INDIAN HARBOR
INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant Indian Harbor Insurance Company's Renewed Motion to Dismiss (Doc. 16). Plaintiff SFR Services L.L.C. (a/a/o Portofino Master Association, Inc.) responded in opposition (Doc. 20). And the parties filed supplemental briefs (Docs. 28; 29).

This is a Hurricane Irma insurance case. The storm damaged Portofino's property, which Indian insured under a policy (the "Policy"). While they disputed coverage, Portofino assigned its rights under the Policy to SFR (the "Assignment"). SFR sued for breach of contract. Now, Indian seeks dismissal.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

The issues raised are nearly (if not totally) identical to another case between these parties. *SFR Servs., LLC v. Indian Harbor Ins. (Fairway)*, No. 2:20-cv-583-JLB-NPM, 2021 WL 1165185 (M.D. Fla. Mar. 26, 2021). The gist is Indian challenges the Assignment's validity because it did not comply with Florida law. *See* Fla. Stat. § 627.7152(2)(a)(4) (the "Statute"). Specifically, the Assignment did not "[c]ontain a written, itemized, per-unit cost estimate of the services to be performed by" SFR. *Id*.

Given the similar issues, the Court ordered the parties to file supplemental briefs on "the applicability of" *Fairway* "to this case." (Doc. 26 at 2). Indian's brief offers a lackluster attempt to distinguish *Fairway* alongside a request for a reply to brief the decision further if this Court will rely on it. The Court's confused. The supplemental brief was Indian's chance to address *Fairway*. Yet Indian chose not to "substantively discuss" the case "other than to note that it respectfully disagrees with portions of the analysis as well as the outcome." (Doc. 29 at 3). Whatever the reason for Indian's decision, it won't get two bites at the apple to distinguish a single case. This is particularly apt where—as here—the request for a reply is procedurally improper. Local Rule 3.01(d) ("A motion requesting leave to reply must . . . must specify the need for, and the length of, the proposed reply."). So Indian's perfunctory request for a reply is denied. The Court finds Judge Badalamenti's

well-reasoned *Fairway* decision convincing. And where relevant, it comes to the same conclusion.

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must accept all well-pled allegations as true and view them most favorably to plaintiff. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017).

The Court first tackles a threshold jurisdictional issue: standing. *Gardner v. Mutz*, 962 F.3d 1329, 1338-40 (11th Cir. 2020). Because of defects in the Assignment, says Indian, SFR lacks standing. The Court disagrees.[2]

Almost invariably, a party to a contract has standing to sue for breach. *Interface Kanner, LLC v. JPMorgan Chase Bank, N.A.*, 704 F.3d 927, 932 (11th Cir. 2013). An assignment is just a contract. *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1218 (11th Cir. 2020). And Florida insureds can freely assign their post-loss insurance claims. *Bruno v. Hartford Ins. Co. of the Midwest*, No. 2:20-cv-910-FtM-38NPM, 2021 WL 229402, at *2

---

[2] The Court assumes without deciding the Statute applies to the Assignment as the answer is the same regardless.

(M.D. Fla. Jan. 21, 2021). After the assignment of an insurance policy, the assignee (SFR) stands in the shoes of the assignor (Portofino) for standing purposes. *Hughes v. Ace Ins. Co. of the Midwest*, No. 2:20-cv-497-FtM-38NPM, 2020 WL 7024871, at *1 (M.D. Fla. Nov. 30, 2020). SFR is a party to the Assignment, which it executed before suing, giving it a right to enforce the Policy. So—unless the Assignment is void—SFR has standing from both an Article III and contractual standpoint. *See Fairway*, 2021 WL 1165185, at *5-6, 11-12; *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 212 (2d Cir. 2020).

What the parties' dispute really boils down to is whether the Assignment is void or voidable. *Fairway* analyzed that issue at length. As there, Indian provides no argument on why the Assignment's defect would render it void, instead of merely voidable. Importantly, an issue with contract formation does not automatically render the agreement void. *E.g.*, *Griffin v. ARX Holding Corp.*, 208 So. 3d 164, 170 (Fla. Dist. Ct. App. 2016). Nor has Indian shown the need to break from a century-long precent holding nonparties to assignments cannot challenge voidable defects. *Fairway*, 2021 WL 1165185, at *6-9 (collecting cases); *see also OMS Collections v. Tien*, 634 F. App'x 750, 757 (11th Cir. 2015). So the Motion is denied. Indian can raise the issue again at summary judgment, provided it can do so in good faith and provide proper support.

Accordingly, it is now

**ORDERED:**

Defendant's Renewed Motion to Dismiss (Doc. 16) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 7, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record